# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SAMUEL BECK JACKSON,**

        **Petitioner,**

vs.                                        Civil No. 18-cv-0612-DRH

**WILLIAM TRUE,**

        **Respondent.**

## MEMORANDUM and ORDER

Petitioner Samuel Beck Jackson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Doc. 1).

Respondent filed a motion to dismiss on May 16, 2018. (Doc. 9). Petitioner responded to the motion on June 12, 2018. (Doc. 12). The Motion is now ripe for disposition. For the reasons stated below, the Motion will be **GRANTED**, and this action **DISMISSED with prejudice**. (Doc. 9).

## Relevant Facts and Procedural History

Petitioner was charged with conspiracy to manufacture, distribute, and possess with the intent to distribute 50 grams or more of cocaine base. *United States v. Jackson,* No. 08-cr-00018-JAJ-TJS (S.D. IA) (hereinafter "criminal case"), doc. 83. That offense carried a statutory sentencing range of 10 years imprisonment to life imprisonment.

Petitioner entered into a plea agreement on October 6, 2008, according to

1

the terms of a written agreement authorized by Fed. R. Crim. P. 11(c)(1)(A). (Criminal Case, Doc. 116). The plea agreement included a broad waiver of Petitioner's right to appeal or challenge his conviction or sentence through a collateral attack. (Criminal Case, Doc. 116, pp. 6-8). Petitioner was sentenced to 280 months' imprisonment on March 12, 2009. (Criminal Case, Doc. 149).

At sentencing, the plea agreement was described as waiving Petitioner's "right of appeal, his right to collaterally attack his conviction and sentence . . ." (Doc. 11, p. 6). Petitioner affirmed in open court that he was giving up his right to appeal any and all issues related to his plea agreement, his conviction, and his sentence. (Doc. 11, pp. 13-14).

Petitioner did not file a direct appeal. He filed five § 2255 Petitions in the trial court. The first petition challenged a witness statement in the presentence report, and was denied as moot on February 22, 2010. (Criminal Case, Docs. 193 and 194). The Eighth Circuit determined that the motion was more properly brought under 28 U.S.C. § 2241, and denied the appeal for lack of subject matter jurisdiction.

Petitioner also filed a motion for a sentencing reduction, which was denied because he was not sentenced under the crack cocaine guidelines and was not entitled to a reduction.

Petitioner's second § 2255 motion argued that he was misclassified as a career offender because his prior Iowa burglary convictions should not have been counted as predicate offenses after *Johnson v. United States*, 135 S.Ct. 2551

(2015). The trial court dismissed that petition because it was untimely and because Eighth Circuit precedent prohibits a petitioner from raising a sentencing guideline issue on collateral review. The Eighth Circuit denied Petitioner's application for a Certificate of Appealability on December 10, 2017.

Petitioner raised the same argument in a subsequent § 2255 petition, which was dismissed summarily at screening.

Petitioner raised the issue once more on May 20, 2016. This time, the Eighth Circuit ordered the matter held in abeyance pending a decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). The *Beckles* decision ultimately foreclosed the relief sought in that matter.

Petitioner's last § 2255 Petition raised the decision in *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016); it was denied on February 23, 2018. Petitioner raises the same issue in this Petition.

## **Legal Standards Applicable to Section 2241**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction."

3

*Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he

could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

### Analysis

Citing *Mathis*, Petitioner argues that his prior convictions for Iowa burglary are not crimes of violence. (Doc. 1). In his reply, Doc. 12, Petitioner reiterates his initial arguments, and also counters Respondent's position regarding his appeal waiver by arguing that a sentence based on constitutionally impermissible criteria can be challenged on appeal even if the defendant waived his rights.

Petitioner cannot bring a *Mathis* claim in a § 2241 petition. There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

5

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2008, after the holding in *Booker*. Petitioner received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

The Court also finds the second ground of the Motion to Dismiss persuasive. There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a § 2241 petition; the waiver does not make the remedy afforded by § 2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

The Seventh Circuit has enforced appeal waivers against challenges to

career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998).

Petitioner only states in a conclusory fashion that appeal waivers cannot be enforced where the sentence has been based on a constitutionally impermissible factor. But Petitioner does not identify what constitutionally impermissible factor his sentence was based on, other than his *Mathis* argument, and a career offender designation is not the type of constitutionally impermissible factor that would justify relief. Accordingly, the Court also finds that Petitioner has waived his right to file this action.

### Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (doc. 9) is **GRANTED**.

This action is **DISMISSED with prejudice**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.20
16:20:37 -05'00'

United States District Judge

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).